IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ARSENIO ARCHER,

   Plaintiff,

     v.

LONDON HOLMES
p/k/a We Got London on da Track, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:17-CV-2051-TWT

## OPINION AND ORDER

This is a copyright infringement case. It is before the Court on the Defendant London Holmes' Motion to Dismiss [Doc. 20], and the Defendant Songs of YSL Music Publishing's Motion to Dismiss [Doc. 24], to which other Corporate Defendants have joined [Docs. 58, 65].[1] For the following reasons, Holmes' Motion to Dismiss [20] is GRANTED in part and DENIED in part, and the Corporate Defendants' Motions to Dismiss [Docs. 24, 58, 65] are GRANTED.

---

[1] The Corporate Defendant TIG7 Publishing filed a motion [Doc. 65] to join in Holmes' and YSL's Motions to Dismiss. Meanwhile, the following Corporate Defendants filed a separate Motion to Dismiss [Doc. 58] that consists only of a statement adopting Holmes' and YSL's Motions to Dismiss in their entirety: Theory Entertainment, LLC d/b/a 300 Entertainment, BMG Rights Management (US) LLC d/b/a Gold Songs, WEA International Inc., Warner-Tamerlane Publishing Corp., Warner Music Group Corp., Atlantic Recording Corporation, Sony/ATV Music Publishing LLC, EMI Blackwood Music Inc., Songs of Universal Inc., Universal Music Group, Inc., and Grand Hustle, LLC.

## I. Background

This dispute stems from the Defendant Holmes' alleged refusal to give credit to or share profits with the Plaintiff stemming from the Plaintiff's alleged co-authorship or sole-authorship of twenty-nine different sound recordings.[2] According to the Complaint, the Plaintiff, Arsenio Archer, and Holmes began a professional relationship in June of 2014 as music producers, the goal of which was to co-author and co-produce songs for music artists.[3] Archer agreed to the relationship in reliance on Holmes' representation that he would receive an equal share of any income generated from sound recordings which he helped to produce.[4] During the course of their working relationship, Archer exercised "complete creative freedom" to alter the sound recordings and produced "essential elements to complete each project."[5]

---

[2] Compl. ¶ 6. The songs are: "Section" by 2 Chainz feat. Lil Wayne; "Retaliation" by Boosie Badazz; "Street Shit", "Don't You Change", "Kodak", "Ride", "Black Lives Matter", "How You Feel", and "Bullshit" by Dae Dae; "Good Girls" by Verse Simmonds; "I Don't Belong to You" by KeKe Palmer; "About the Money" by T.I. feat. Young Thug; "Peanut Butter Jelly" by T.I.; "730", "Tell em", "Keep it Going", "Lifestyle", "Sho Me Love", and "Take Kare" by Rich Gang; "Gold Bottles", and "Hell you talkin bout" by Young Jeezy; "Check", "Numbers", "Memo", "Digits", "Worth It", "Tattoos", and "Again" by Young Thug; and"Sneakin" by Drake feat. 21 Savage. Archer claims that "How You Feel" and "Bullshit" were authored solely by him. *Id.* at ¶¶ 56, 62. The remainder were joint works between Archer and Holmes. *See, e.g., id.* at ¶ 60.

[3] *Id.* at ¶ 33.

[4] *Id.* at ¶ 37.

[5] *Id.* at ¶¶ 34-35.

At some point, Holmes began to claim sole production credits for both the works he created jointly with Archer and the works Archer claims he authored himself.[6] Holmes also began to make various licensing agreements with publishers, distributors, and record labels without obtaining Archer's consent to do so.[7] Meanwhile, Archer claims he has not been compensated or credited as an author or producer of the recordings.[8]

Archer filed this action on June 5, 2017, against Holmes and the Corporate Defendants. In his original Complaint, Archer alleged eight counts in all. In Count I, he sought a declaratory judgment against all Defendants establishing his ownership rights in the sound recordings. In Count II, he sought an accounting of all income generated from the sound recordings. In Counts III and IV, Archer claimed copyright infringement against Holmes and the Corporate Defendants, respectively. In Count V, Archer claimed vicarious copyright infringement against the Corporate Defendants. In Count VI, he alleged violations of the Lanham Act. Lastly, Archer included a claim for fraud against Holmes in Count VII, and claims for unjust enrichment against all of the Defendants in Count VIII.

---

[6]  *Id.* at ¶ 39.

[7]  *Id.* at ¶¶ 40-41. Many of these third parties are joined as Defendants.

[8]  *Id.* at ¶ 44.

Since filing the Complaint, Archer has voluntarily dismissed Counts IV-VI against all Defendants, and partially dismissed Count III against Holmes. All that remains, therefore, are claims for declaratory judgment and accounting against all Defendants (Counts I-II), a claim for copyright infringement against Holmes for the two songs Archer claims he solely authored (Count III), one claim for fraud against Holmes (Count VII), and claims for unjust enrichment against all Defendants (Count VIII). Holmes now moves to dismiss the fraud and unjust enrichment claims against him. The Corporate Defendants,[9] meanwhile, move to dismiss Archer's unjust enrichment claims. The Court will address the claims against Holmes and the Corporate Defendants separately.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[10] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[11] In ruling on

---

[9] As mentioned above in note 1, a number of Defendants have joined YSL's motion to dismiss. Collectively, the Court refers to these as the "Corporate Defendants." Lest there be any confusion, however, it should be pointed out that there are a number of other corporate Defendants who have not moved to dismiss Archer's claims against them. This Order does not address those claims.

[10] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).

[11] *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007).

a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[12] Generally, notice pleading is all that is required for a valid complaint.[13] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[14]

## III. Discussion

### A. Claims against Holmes

Section 301(a) of the Copyright Act expressly preempts all legal or equitable rights that "are equivalent to any of the exclusive rights within the scope of copyright . . . ."[15] The parties agree that the sound recordings at issue are governed by the Copyright Act. The only question is whether Archer's claims for fraud and unjust enrichment are "equivalent to" Archer's potential copyright claims.

Courts in this Circuit have said that state laws are not preempted if they require plaintiffs to prove additional elements over and above those necessary

---

[12] *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[13] *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986).

[14] *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

[15] 17 U.S.C. § 301(a).

for copyright claims.[16] As the Eleventh Circuit has made clear, however, not just any extra element will do. Rather, only that extra element which "changes the nature of the action so that it is *qualitatively* different from a copyright infringement claim" will serve to prevent preemption.[17] Put another way, state law claims are equivalent to, and thus preempted by, copyright infringement claims unless they are substantively different from one another.

Turning to the case at hand, though the fraud and copyright claims are based on similar facts – Holmes' licensing of the recordings without Archer's permission – the fraud claim requires proof that Holmes intentionally misled Archer via a false representation.[18] This false representation, similar to breach of duty in trade secrets cases, is an essential element of a fraud claim that is not present in a copyright claim.[19] Because the false representation of a material fact is not only a required element, but in truth the "gravamen" of a fraud claim, it adds the extra element that qualitatively distinguishes Archer's fraud claim

---

[16] *See, e.g.*, *Howard v. Sterchi*, 725 F. Supp. 1572, 1578 (N.D. Ga. 1989).

[17] *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1549 (11th Cir. 1996) (quotations omitted) (emphasis in original).

[18] O.C.G.A. § 51-6-2(a).

[19] *See Bateman*, 79 F.3d at 1549 ("[t]he defendant's breach of duty is the gravamen of such trade secret claims, and supplies the 'extra element' that qualitatively distinguishes such trade secret causes of action from claims for copyright infringement that are based solely upon copying.") (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 717 (2d Cir. 1992)).

from copyright infringement.[20] The fraud claim, therefore, is not preempted by the Copyright Act.

But the same cannot be said for Archer's unjust enrichment claim. Under Georgia law, unjust enrichment applies where "there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated."[21] These claims are generally regarded as equivalent to copyright claims and, therefore, preempted.[22] This is because, "under these quasi-contractual theories, the plaintiff need only prove that the defendant was unjustly enriched through the use of her idea or work."[23] The heart and soul of such a claim is the violation of the copyright.

Using the facts of this case as an example, the gist of Archer's claim for unjust enrichment is that Holmes failed to pay him money he was owed as a co-owner in the works, and that Holmes should not be allowed to be unjustly enriched by his unauthorized use of the sound recordings. No other elements –

---

[20] *Altai*, 982 F.2d at 717. *See also Maxient, LLC v. Symplicity Corp.*, 63 F. Supp. 3d 592, 598 (E.D. Va. 2014) (finding computer fraud claim not preempted for similar reasons).

[21] *Clark v. Aaron's, Inc.*, 914 F. Supp. 2d 1301, 1309 (N.D. Ga. 2012) (quotation omitted).

[22] *See* 1 Nimmer on Copyright § 1.01[B][1][g] (2017) ("a state law cause of action for unjust enrichment or quasi contract should be regarded as an 'equivalent right' and hence, pre-empted insofar as it applies to copyright subject matter.").

[23] *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 432 (2d Cir. 2012).

like a breach of fiduciary duty, a false representation, or a breach of a promise in a contract – need to be proven other than Holmes' violation of Archer's rights as the owner of the copyright. This is no different from a copyright claim.

The Plaintiff counters that while quasi-contract claims (e.g., unjust enrichment) may be preempted, contracts implied-in-fact are not necessarily preempted. Because he alleged Holmes promised to pay him for his work in one paragraph of the Complaint,[24] the Plaintiff contends that Holmes breached a contractual promise and that because this is an element not present in a copyright claim, his claim should survive as a result. The Plaintiff is correct that there is a crucial distinction between quasi-contract claims and implied-in-fact contract claims. Whereas a quasi-contract is a "fictitious contract" created by courts to prevent injustice, a contract implied-in-fact is "a true contract that arises from the tacit agreement of the parties."[25] Claims based on quasi-contract are equitable claims, while claims based on contracts implied-in-fact are regular breach of contract claims. As discussed in the previous paragraph, quasi-contract claims – like unjust enrichment – are almost always preempted. Breach of contract claims, on the other hand, are not necessarily so if a plaintiff can

---

[24] *See* Compl. ¶ 37.

[25] 1-1 Corbin on Contracts § 1.20 (2017).

show that rights separate from those he held as a copyright owner were violated.[26]

But while the Plaintiff certainly deserves credit for articulating this somewhat knotty distinction, the Court does not see how it is relevant here as the Plaintiff's Complaint never asserts a claim for breach of contract. The Plaintiff may not successfully argue in a response brief to a motion to dismiss that one throwaway allegation buried deep in the Complaint suddenly serves as the basis for an entirely new cause of action. But even if he could, this novel contract claim would still fail. While courts have found promises to pay contained in implied contracts sufficient to overcome preemption,[27] contract claims "which seek[ ] to enforce only rights that copyright law itself accords plaintiff" are preempted because a promise to do that which copyright law already requires does not contain the "extra element" required to prevent preemption.[28]

In this case, Holmes allegedly promised to "split the income generated from the sound recordings . . . ."[29] He did not promise to pay Archer for his labor,

---

[26] *See, e.g., Forest Park Pictures*, 683 F.3d at 432 (finding breach of contract claim not preempted where there was a promise to pay for the use of the plaintiff's ideas); 5 Nimmer on Copyright § 19D.03[C][2] (arguing that implied-in-fact contract claims should not be preempted *per se*).

[27] *See, e.g., Forest Park Pictures*, 683 F.3d at 432.

[28] 5 Nimmer on Copyright § 19D.03[C][2][b] (2017)

[29] Compl. ¶ 37.

to give Archer an interest in some unrelated asset, or to assign credit in any particular way. The only promise Holmes made was to pay Archer a co-owner's share of any income generated from works of which he was to be a co-owner. This "promise" is merely an acknowledgment of that which Archer would already enjoy as a co-owner or sole owner of the copyrights.[30] Any breach of this "promise" would also be a violation of the copyright, and vice-versa. The two claims are effectively the same. Thus, even if this Court read the Complaint broadly and graciously, any purported breach of contract claim on the facts contained in the Complaint would be preempted.

In addition to his preemption arguments, Holmes also argues that the fraud claim has not been sufficiently pleaded under Rule 9(b).[31] In particular, citing *Brazil v. Janssen Research & Development, LLC*, 2016 WL 4844442 at *1 (N.D. Ga. Mar. 24, 2016) (Murphy, J.), Holmes argues that the Complaint does not allege specific statements by the Defendant on which the Plaintiff relied. But the Complaint in this case is very different from the complaint at issue in *Brazil*. In that case, which had multiple defendants, the plaintiff merely stated that there were misrepresentations without specifying what those

---

[30] *Thomson v. Larson*, 147 F.3d 195, 199 (2d Cir. 1998) ("Joint authorship entitles the co-authors to equal undivided interests in the whole work—in other words, each joint author has the right to use or to license the work as he or she wishes, subject only to the obligation to account to the other joint owner for any profits that are made.")

[31] Fed. R. Civ. P. 9(b).

misrepresentations were or who said them. But here, the Complaint states that Holmes made representations, before their working relationship began, that Archer would receive an equal share of any royalties earned from any sound recordings they produced together.[32] The Plaintiff has provided the who, what, where, when, and how of the alleged fraud.[33] As such, the Defendant has received the requisite notice as to which of his actions were allegedly fraudulent. This satisfies the pleading requirements of Rule 9(b).[34] For these reasons, Holmes' motion to dismiss is granted as to the unjust enrichment claim, but denied regarding the fraud claim.

### B. Unjust Enrichment Claims Against the Corporate Defendants

The Plaintiff's unjust enrichment claims against the Corporate Defendants also fail, albeit for different reasons. The Plaintiff alleges that when the Corporate Defendants signed licensing agreements with Holmes, they were unjustly enriched because they never paid the Plaintiff as a co-owner.[35] The Plaintiff never alleges, however, that the Corporate Defendants negotiated with

---

[32] Compl. ¶ 37.

[33] *Brazil*, 249 F. Supp. 3d at 1339 ("This means that to state an actionable claim for fraud, the plaintiff must state the who, what, when[,] where, and how.") (quoting *Jenkins v. BAC Loan Servicing LP*, 822 F.Supp.2d 1369, 1380 (M.D.Ga.2011)).

[34] *See Ackerman v. Nat'l Prop. Analysts, Inc.*, 887 F.Supp. 494, 505 (S.D.N.Y.1992) ("Generally, to survive a Rule 9(b) motion, a plaintiff claiming fraud must apprise each defendant of the scope of his or her participation in the alleged fraud.").

[35] Compl. ¶ 161.

the Plaintiff or that they even knew he existed. In other words, there is no alleged relationship at all between the Corporate Defendants and the Plaintiff. Any benefits the Corporate Defendants received from the Plaintiff, therefore, were received indirectly through Holmes. But in Georgia, unjust enrichment claims lie only in those situations where a defendant has received a direct benefit from a plaintiff.[36] Indeed, any other result would lead to widespread liability for record companies who deal in good faith with those who they believe are the true owners of copyrights. The unjust enrichment claim against the Corporate Defendants is inappropriate under Georgia law and is dismissed.

## IV. Conclusion

For the reasons stated above, the Defendant Holmes' Motion to Dismiss [Doc. 20] is GRANTED in part and DENIED in part. Songs of YSL Music Publishing, et al.'s Motions to Dismiss [Doc. 24, 58, 65] are GRANTED.

SO ORDERED, this 23 day of January, 2018.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[36] *See Peterson v. Aaron's, Inc.*, No. 1:14-CV-1919-TWT, 2015 WL 5479877, at *2 (N.D. Ga. Sept. 16, 2015) (holding that indirect benefits are insufficient to sustain a claim for unjust enrichment); *In re White*, 559 B.R. 787, 807 (Bankr. N.D. Ga. 2016) (". . .Georgia law does not support claims of unjust enrichment that arise from indirect benefits.").